IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER CORTEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MINNE, INC. d/b/a RON'S ITALIAN OVENS and KARON MINNE, individually, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Javier Cortez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Minne, Inc., and Karon Minne, individually, (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages at a rate of one and one half times his regular rate.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

## THE PARTIES

4. Plaintiff Javier Cortez resides and is domiciled in this judicial district.

5. Plaintiff Javier Cortez is a former employee of Defendants who was employed by Defendants in this judicial district.

6. During the course of his employment, Plaintiff Javier Cortez handled goods and materials that moved in interstate commerce and performed non-exempt work.

7. Defendant Minne, Inc. is an Illinois corporation doing business within this judicial district. Defendant Minne, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Upon information and belief, during the last three years Defendant Minne, Inc.'s annual gross volume of sales made or business done has exceeded $500,000 exclusive of excise taxes.

9. Defendant Minne, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant Karon Minne is the President of Minne, Inc.

11. Defendant Karon Minne is involved in the day-to-day business operations of Minne, Inc. Among other things, Defendant Karen Minne has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendant Karon Minne was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

13. Upon information and belief, Defendant Karon Minne resides in and is domiciled within this judicial district.

### FACTUAL ALLEGATIONS

14. Defendants operate a restaurant under the name "Ron's Italian Ovens".

15. Plaintiff was employed by Defendants from 2001 through August 18, 2017.

16. Throughout his employment with the Defendants, Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate of one and one half times his regular rate for all hours worked in excess of 4014. Plaintiff was employed as a cook for the Defendants.

17. Plaintiff handled olive oil, cheese, and flour that was not manufactured in the state of Illinois.

18. Plaintiff also used stoves, ovens, and dishes that were not manufactured in the state of Illinois.

19. Plaintiff used stoves, ovens, and dishes while working for Defendants as a cook for Defendants and the use of these materials subjects Defendants to enterprise coverage under the FLSA.

20. In an effort to conceal the lack of overtime pay, the Defendants paid Plaintiff a portion of his wages in cash.

21. For example, for the workweek ending on February 25, 2017, Plaintiff was paid 35 hours via company check and the remainder of his hours were paid in cash including his overtime hours and all of those hours were paid at $14.00 per hour.

22. Even in weeks where Plaintiff did not work overtime Defendants still paid 35 hours via check and the remainder in cash. For example, for the workweek ending on August 12, 2017 Plaintiff worked 39 hours and was paid 35 hours via check and the remaining four hours in cash ($56.00).

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
(Plaintiff on behalf of himself and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

24. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

29. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

4

30. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's wage rate in weeks where he worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

33. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

34. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff bring this action pursuant to 820 ILCS 105/12(a).

35. At all relevant times herein, Defendant was Plaintiff's "employer(s)" as defined in

the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

36. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

37. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

38. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff' regular rate for all time which Plaintiff worked in excess of 40 hours per week;

- B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

- C. Reasonable attorneys' fees and costs incurred in filing this action; and

- D. Such other and further relief as this Court deems appropriate and just.

                                          Respectfully submitted,

Dated: September 7, 2017          **JAVIER CORTEZ**


                                          By: _/s/Carlos G. Becerra_
                                              Attorney for Plaintiff


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com